UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LAURA RODRIQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:08-cv-273-RLY-WGH |
| | ) | |
| PARSONS INFRASTRUCTURE & | ) | |
| TECHNOLOGY GROUP, INC., and | ) | |
| SHAW ENVIRONMENTAL AND | ) | |
| INFRASTRUCTURE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER ON REQUEST FOR FEES ASSOCIATED WITH PARSONS' MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

This matter came before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendant Parsons Infrastructure & Technology Group, Inc.'s Request for Fees Associated With Parsons' Motion to Quash Subpoena and for Protective Order filed June 18, 2010 (Docket No. 118). Plaintiff filed a Response on July 20, 2010 (Docket No. 124), and Defendant filed its Reply on July 30, 2010 (Docket No. 126).

**Findings of Fact**

1. Plaintiff, Laura Rodriguez, filed suit in this case on July 11, 2008, against Defendants Parson Infrastructure and Technology Group, Inc. ("Parsons") and Shaw Environmental and Infrastructure, Inc. ("Shaw"). Plaintiff alleged that Defendants interfered with her contractual employment relationship

with her employer Alion Science and Technology Corporation, causing Alion to terminate her because of her gender and sexual orientation.

2. After the parties had completed a substantial portion of discovery, counsel for Shaw sent letters to counsel for Plaintiff indicating that Shaw intended to file a Motion for Summary Judgment and would pursue "costs" as a prevailing party if Shaw prevailed on the Motion for Summary Judgment. Counsel for Shaw also explained that Shaw intended to seek sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.

3. Three days before the dispositive motion deadline, Plaintiff filed a Motion to Dismiss, agreeing to dismiss all claims against Shaw on March 12, 2010.

4. On April 16, 2010, Shaw filed a Motion for Sanctions.

5. On May 7, 2010, counsel for Plaintiff, Robert Hunt ("Hunt"), informed counsel for Parsons, Steven F. Pockrass ('Pockrass"), that Hunt intended to serve Pockrass personally with a notice of deposition and subpoena duces tecum in connection with Plaintiff's response to Shaw's Motion for Sanctions. Hunt informed Pockrass that it was his belief that Pockrass' deposition was warranted given the fact that Pockrass and counsel for Shaw were part of the same law firm.

6. Pockrass objected to this attempt to depose him. Pockrass also advised Hunt that, if Hunt proceeded with his plan to serve Pockrass with a subpoena and notice of deposition, Parsons would file a motion to quash and for protective

order and would seek an award of all fees and costs associated with having to address this issue.

7. Hunt served a Notice of Deposition and Subpoena on May 10, 2010, commanding Pockrass to appear for a deposition and to produce the *entire contents of his file* pertaining to the instant litigation on May 25, 2010.

8. On May 17, 2010, Parsons filed its Motion to Quash Subpoena and for Protective Order ("Motion to Quash") (Docket Nos. 105-107), arguing that the Subpoena should be quashed and a protective order issued because Plaintiff's Notice of Deposition and Subpoena served only to annoy and harass, they subjected Parsons and Pockrass to undue burden and expense, they were premature, the discovery they sought could be obtained from other sources, and the burden and expense of the proposed discovery outweighed its likely benefit. (Motion to Quash at 8-14).

9. The Court set Parsons' Motion to Quash for a hearing on May 21, 2010.

10. During the hearing, this Magistrate Judge did not issue any formal order, but indicated that he was likely to grant Parsons' Motion to Quash.

11. When Pockrass then indicated during the hearing that he believed that the procedural rules would mandate an award of fees if the Motion to Quash was granted, Hunt then offered to withdraw the Notice of Deposition and Subpoena so that he would have an opportunity to submit a written response to the Motion to Quash.

12. On June 3, 2010, the Magistrate Judge entered an Order on Motions to Quash and for Protective Order concluding that Hunt was required to respond to Shaw's Motion for Sanctions by establishing what information was known by Plaintiff prior to filing the Complaint, without first conducting discovery of Shaw's files or any attorney's billing practices. The order further indicated that if Shaw's Motion for Sanctions was granted and some sanction was required, then a second set of briefs could address the appropriate amount of sanctions. The order further stated that if the Court determined that sanctions are necessary and that the appropriate amount of sanctions must be established, "the court will then consider whether Hunt may be entitled to resubmit subpoenas. If such subpoenas must be resubmitted, Hunt is cautioned that they not seek items that are clearly attorney-client privilege or work product."

13. Finally, the Magistrate Judge's order permitted the filing of a request for fees incurred by Parsons in connection with preparing the Motion to Quash within fifteen (15) days of the date of the order or within ten (10) days of the final judgment entry.

14. On June 18, 2010, Parsons filed a Request for Fees Associated With Parsons' Motion to Quash Subpoena and for Protective Order.

**Conclusions of Law**

1. Rule 26(c) of the Federal Rules of Civil Procedure provides that a party attempting to avoid discovery may move for a protective order. It provides as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

2. The Rule further provides that Rule 37(a)(5) applies to the awarding of expenses associated with the filing of a motion for a protective order. *See* FED. R. CIV. P. 26(c)(3).

3. Rule 37(a)(5) explains that a prevailing party on a motion for a protective order is entitled to recover "reasonable expenses incurred in making the motion, including attorney's fees." Such an award is not warranted if the motion for protective order was filed before a good faith attempt to resolve the matter was attempted, if objection to the protective order was substantially justified, or if other circumstances make the awarding of expenses unjust. FED. R. CIV. P. 37(a)(5).

4. The Seventh Circuit has indicated that, subject to the exceptions discussed above, Rule 37 "presumptively requires every loser to make good the victor's costs . . . ." *Rickels v. City of South Bend, Ind.,* 33 F.3d 785, 786 (7th Cir. 1994).

## Discussion

In this case, Hunt served a subpoena duces tecum that was: (1) overbroad (i.e., requested the production of an attorney's entire file without any attempt to

limit or restrict what must be produced); (2) served on counsel for a party not a part of the sanctions dispute then pending before the Court; and (3) served prematurely (i.e. directed toward the issue of damages before the issue of liability had been settled).

Hunt can be forgiven for serving the subpoena prematurely. Although in many instances when sanctions are sought, the liability for sanctions is bifurcated from the amount of the sanctions, this is not always the case, and Hunt could reasonably have believed that he should start assembling his data as early as possible.

However, the Subpoena issued is clearly overbroad. More importantly, this Magistrate Judge cannot understand how Parsons' counsel's file could be relevant to the issue of whether Hunt and his client had a reasonable basis and conducted a reasonable inquiry before filing suit against Shaw. Hunt's purported reason – that counsel for both Parsons and Shaw belonged to the same law firm – rings hollow here. Whether both were from the same firm has no bearing on what Hunt and his client knew before suit.

Parsons' Motion for Protective Order was, therefore, proper. Rule 37 suggests fees should be awarded unless: (1) a motion for a protective order was filed before a good faith effort was made to resolve the matter; (2) objection to the protective order was substantially justified; or (3) other circumstances make the awarding of expenses unjust. In this case, the e-mails exchanged between Pockrass and Hunt on May 7 and 8 (Request for Fees Associated With Parsons'

Motion to Quash Subpoena and for Protective Order at Ex. B) represent an effort to resolve the matter before filing the Protective Order. Although the two sides expressed neither a willingness to compromise nor flexibility, further attempts at resolution of the issue were not mandated.

Hunt's objection to the Protective Order was also not substantially justified. There has been no explanation which clarifies what information Pockrass and Parsons might have possessed that addressed the issue of sanctions which might be imposed based upon what Plaintiff knew prior to initiating suit against Shaw.

Finally, there are no suggested "other circumstances" making the award unjust at this time. This being the case, an award of fees and expenses should be entered.

Parsons' counsel has submitted records reflecting a request for fees and expenses in the amount of Twelve Thousand Six Hundred Eighty-five Dollars and Fifty Cents ($12,685.50). While the attorney billing rates do not seem excessive, there is considerable duplication for "strategy" sessions. In addition, total attorney billing hours for research, drafting, and reviewing the brief amount to nearly thirty (30) hours.[1] This is excessive in light of the relatively straightforward issue of whether a single subpoena should be quashed. Additionally, over seven hours are billed preparing for a hearing in which no

---

[1] See entries for the following dates: 5-10 (3.6 hours); 5-11 (1.1); 5-12 (2.2); 5-12 (5.1); 5-12 (.7); 5-13 (1.7); 5-13 (.8); 5-13 (.3); 5-16 (4.3); 5-17 (8.7); 5-17 (.8); and 5-17 (.7).

evidence was submitted or argued and which consumed less than one hour of court time.[2] The Magistrate Judge concludes that the fees sought should be reduced to reflect a degree of inefficiency or over-lawyering. A reduction of twenty (20) hours of partner time at Three Hundred Thirty Dollars ($330.00) an hour is a reasonable reduction. Subtracting Six Thousand Six Hundred Dollars ($6,600.00) (20 hours x $330) from the request results in a fee award of Six Thousand Eighty-Five Dollars and Fifty Cents ($6,085.50).

## Conclusion

Therefore, the Request for Fees Associated With Parsons' Motion to Quash Subpoena and for Protective Order is **GRANTED, in part,** and **DENIED, in part.** Plaintiff shall pay the sum of Six Thousand Eighty-five Dollars and Fifty Cents ($6,085.50) within thirty (30) days of the date of this Order.

**SO ORDERED.**

**Entered:** September 28, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Robert F. Hunt
HUNT HASSLER & LORENZ LLP
hunt@huntlawfirm.net

---

[2] See entries for the following dates: 5-19 (.2 hours); 5-20 (1.0); 5-20 (.3); 5-20 (1.4); 5-21 (3.4); 5-21 (.4); and 5-21 (.2).

Kristin B. Keltner
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kristin.keltner@odnss.com

Steven F. Pockrass
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
steven.pockrass@ogletreedeakins.com

Candace S. Walker
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
candace.walker@odnss.com