UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LAURA RODRIQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:08-cv-273-RLY-WGH |
| | ) | |
| PARSONS INFRASTRUCTURE & | ) | |
| TECHNOLOGY GROUP, INC., and | ) | |
| SHAW ENVIRONMENTAL AND | ) | |
| INFRASTRUCTURE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANT SHAW ENVIRONMENTAL AND INFRASTRUCTURE, INC.'S MOTION FOR PROTECTIVE ORDER

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendant Shaw Environmental and Infrastructure, Inc.'s Motion for Protective Order filed December 28, 2010 (Docket Nos. 140-41), a Response in Opposition to Motion for Protective Order filed by the Plaintiff on January 14, 2011 (Docket No. 144), and Shaw Environmental and Infrastructure, Inc.'s Reply in Support of Its Motion for Protective Order filed January 25, 2011 (Docket No. 147).

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the Motion for Protective Order.

After 20 months of litigation between the Plaintiff and Defendant Shaw Environmental and Infrastructure, Inc. ("Shaw") arising out of claims of tortuous interference with a business relationship, the Plaintiff filed a voluntary motion to

dismiss Shaw on March 12, 2010. (Docket No. 78). After the court granted the motion to dismiss on March 18, 2010 (Docket No. 87), Shaw filed a Verified Motion for Sanctions Under Federal Rule of Civil Procedure 11 and 28 U.S.C. Section 1927 on April 16, 2010. (Docket No. 95). Prior to completing the briefing on the motion for sanctions, the Plaintiff and her counsel issued a Subpoena directed to Shaw's attorney, Jan S. Michelsen ("Ms. Michelsen"). Shaw then filed a Motion to Quash Subpoena and for Protective Order on May 19, 2010. (Docket Nos. 110-12). The parties resolved the issues surrounding the Subpoena issued by the Plaintiff to Ms. Michelsen, and the Plaintiff filed its response in opposition to the motion for sanctions on June 2, 2010. (Docket No. 113). After a reply in support of the motion for sanctions filed on June 24, 2010 (Docket No. 120), this court issued an Order on October 19, 2010, denying Shaw's request for Rule 11 sanctions, but granting Shaw's request for sanctions under 28 U.S.C. § 1927. (See Docket No. 132).

On December 10, 2010, Shaw filed its Petition for Fees. (Docket No. 135). After doing so, the Plaintiff issued certain discovery requests directed to Shaw and Ms. Michelsen. On December 28, 2010, Shaw filed this Motion for Protective Order, along with a Brief in Support of Motion for Protective Order.

The Magistrate Judge has reviewed the Petition for Fees filed by Shaw and its accompanying Declaration by Ms. Michelsen. In that filing, Ms. Michelsen establishes the hourly rate which she charges the client and has laid out a

relatively detailed listing of the services that she has performed on specific dates and for specific periods of time.

The "Respondent's Request for Production of Documents from Petitioner" seeks:

1. Time sheets and/or electronic itemization of time entries for Jan Michelsen for each 24-hour period within which any time entry is mentioned in the itemization set forth in the Exhibit A attached to the Petitioner's listing of time expenditures filed herein on December 10, 2010. Such documentation and/or itemization may be redacted to sufficiently remove the identifier of any client listed in such documentation (with the exception of the work done for the Petitioner herein), and to remove such other identifiers which would establish any particular work done for a client other than Petitioner, Shaw Environmental & Infrastructure, Inc., to the extent that the same would be a breach of client confidentiality;

2. Full and complete copies of any Fee Agreements existing between the Petitioner, Shaw Environmental & Infrastructure, Inc., and Jan Michelsen, and/or *Ogletree Deakins Nash Smoak & Stewart, P.C.,* which are pertinent to the litigation here involved, including all amendments or modifications thereto;

3. Any and all billings presented to Petitioner, Shaw Environmental & Infrastructure, Inc., by its attorneys for work done within the time period set out in any of the dates shown in the Exhibit A filed by the Petitioner herein on December 10, 2010;

4. All documents, emails, drafts, or any other materials (electronic or otherwise) which were produced as a result of the time expenditures that are listed in the Exhibit A attached to the Petition filed by the Petitioner herein on December 10, 2010.

The court will address the Motion for Protective Order as to each category of documents requested.

**Request No. 1:**

A review of the time sheets provided by Ms. Michelsen does not, on its face, appear to show excessive amounts of time spent on any particular day or date with respect to the issues before the court. In light of this fact, the Plaintiff's request that Ms. Michelsen provide, at Request for Production No. 1, time sheets for each 24-hour period in which she worked on the Shaw matter would be of limited relevance. If such documentation was required to be produced, the time necessary to completely redact identifier information with respect to other clients would be substantial. It would be difficult, if not impossible, for this court to evaluate whether time spent on other unrelated matters was unreasonable or inaccurate. It is unlikely that Ms. Michelsen had billed various clients for more than 24 hours in a day. The Motion for Protective Order as to Request for Production No. 1 is, therefore, **GRANTED** because the request is irrelevant and unduly burdensome.

**Request No. 2:**

The Motion for Protective Order with respect to the request to produce copies of any fee agreements is **DENIED.**

**Request No. 3:**

The Motion for Protective Order with respect to Request for Production No. 3, is **DENIED.** Shaw shall produce any billings presented directly to Shaw by the attorneys for work done within the time period set out in any of the dates shown as Exhibit A filed by Shaw. This is because it will be relevant to

determine whether all the time spent by Ms. Michelsen has actually been billed or presented to Shaw. Any information which can be construed to be work product or attorney-client privilege may be redacted.

**Request No. 4:**

The Motion for Protective Order is **GRANTED** as to Request for Production No. 4 in that the request is overly broad and would unduly expose attorney-client privilege and work product protected information which is not relevant to the reasonableness of the fees charged in this case.

Therefore, Shaw's Motion for Protective Order is **GRANTED, in part,** and **DENIED, in part.** The production of items under Request Nos. 2 and 3 shall be served within fifteen (15) days of the date of this Order. No fees will be assessed for the filing of this motion since it was granted, in part, and denied, in part.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:** February 9, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Robert F. Hunt
HUNT HASSLER & LORENZ LLP
hunt@huntlawfirm.net

Kristin B. Keltner
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART
kristin.keltner@odnss.com

Jan S. Michelsen
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART
jan.michelsen@odnss.com

Steven F. Pockrass
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART
steven.pockrass@ogletreedeakins.com

Candace S. Walker
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART
candace.walker@odnss.com