UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LAURA RODRIGUEZ, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *vs.* | ) | 2:08-0273-JMS-WGH |
| | ) | |
| SHAW ENVIRONMENTAL AND INFRASTRUC- | ) | |
| TURE, INC., | ) | |
| *Defendant.* | ) | |

## ORDER ON SHAW'S PETITION FOR FEES

Presently before the Court is Defendant Shaw Environmental and Infrastructure, Inc.'s ("Shaw") Petition for Fees Associated with Verified Motion for Sanctions and a Motion to Quash Subpoena and for Protective Order.  [Dkt. 135.]

Shaw's fee request stems from two previous orders:  1) the magistrate judge's ruling that any request for fees Shaw incurred in filing a Motion to Quash Subpoena and for Protective Order could be incorporated with a request for fees from Shaw's Verified Motion for Sanctions, [dkt. 114]; and 2) this Court's order granting Shaw's Verified Motion for Sanctions pursuant to 28 U.S.C. § 1927, [dkt. 132].

### I.
### BACKGROUND

The Court presented a detailed history of this case in its order on Shaw's Verified Motion for Sanctions.  [Dkt. 132 at 1-4.]  Therefore, the Court will present an abbreviated summary of the underlying facts relevant to the instant motion.

#### A.  History of the Litigation

Plaintiff Laura Rodriguez filed a Complaint against Shaw and Defendant Parsons Infrastructure & Technology Group, Inc. ("Parsons"), in July 2008, alleging that Shaw and Parsons

had tortiously interfered with her relationship with her former employer, Alion Science and Technology Corporation ("<u>Alion</u>"), because of her sexual orientation. [Dkt. 1.] The Court dismissed Ms. Rodriguez's request for failure to state a claim without prejudice to refile. [Dkt. 24 at 4.] Ms. Rodriguez filed an Amended Complaint in November 2008, and the Court denied Defendants' motion to dismiss in February 2009.[1] [Dkt. 36.]

At a settlement conference in September 2009, concerns were expressed that Ms. Rodriguez's claim against Shaw did not meet the requirements of Rule 11. [Dkt. 95-1 at 1.] Ms. Rodriguez's counsel, Mr. Robert Hunt, indicated that forthcoming witnesses would make statements that would establish the factual basis for the lawsuit. [*Id.*; *see also* dkt. 63 ¶ 1 ("Plaintiff is encouraged to produce affidavits of the appropriate Alion witnesses in advance of the plaintiff's deposition.").]

The parties deposed Ms. Rodriguez's final witnesses on January 28, 2010. Those witnesses did not testify as promised by Mr. Hunt, and Ms. Rodriguez's suspicions about her termination being related to her sexual orientation were at that point completely lacking in evidentiary support. Nevertheless, on February 5, 2010, Mr. Hunt sent Shaw's counsel, Ms. Jan Michelsen, a demand letter requesting $20,000 to settle Ms. Rodriguez's claim against Shaw. [Dkt. 119-7.] Ms. Michelsen responded on behalf of Shaw on February 18, 2010, emphasizing that she had reviewed the evidence referenced in the demand letter and "found absolutely no evidence even arguably sufficient for Rodriguez to meet the elements of an intentional interference with contract claim [with regard to Shaw]." [Dkt. 95-1 at 1.] Ms. Michelsen rejected the settlement demand and expressed her opinion that "Shaw should never have been a party to this lawsuit" and that "continued litigation of that claim is a clear violation of Rule 11." [*Id.*]

---

[1] The Court ultimately granted summary judgment in favor of Parsons on Ms. Rodriguez's claims against Parsons. [Dkt. 128.]

On March 11, 2010,[2] Ms. Michelsen sent Mr. Hunt a letter enclosing a draft sanctions motion and the safe harbor notice required by Rule 11(c)(2), "*again* reminding [counsel] that your client's allegations lack sufficient evidentiary support to justify further litigation."  [Dkt. 95-2 at 1, 3 (original emphasis).]  The letter warned that if the claim against Shaw were not dismissed, Shaw would seek sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.  [*Id.* at 3.]  Ms. Rodriguez moved to dismiss her claim against Shaw the following day. [Dkt. 78.]

### B.  Motion to Quash Subpoena and for Protective Order

On April 16, 2010, Shaw filed a Verified Motion for Sanctions against Ms. Rodriguez and Mr. Hunt for "unreasonably and vexatiously mulitpl[ying] the proceedings with continued advocacy of meritless claims despite unearthing little or no evidentiary support for the claims." [Dkt. 95 at 1.]  Shaw sought sanctions pursuant to Rule 11 and § 1927.  [Dkt. 95.]

On May 10, 2010, Ms. Rodriguez served Shaw's counsel with a notice of deposition and a subpoena.  [Dkt. 111 at 1.]  The subpoena ordered Ms. Michelsen to produce "the entire contents of [her] file pertaining to the litigation" and claimed that her deposition was necessary to respond to Shaw's sanctions motion.  [Dkt. 111-6 at 4.]  Ms. Rodriguez served the same notice and subpoena on Parsons' counsel, Steven F. Pockrass, also claiming that Mr. Pockrass' deposition was necessary to respond to Shaw's sanctions motion.  [Dkt. 106 at 1.]

Parsons and Shaw filed independent motions to quash.  [Dkts. 106; 111.]  The magistrate judge held a hearing on the motions, and, after a discussion regarding the merits of the motions and the possibility of a fee award, Mr. Hunt orally withdrew the subpoenas.  [Dkt. 114 at 1.]  The magistrate judge ruled that Mr. Hunt must respond to Shaw's sanctions motion without first con-

---

[2] The letter is dated March 10, 2010, but it was faxed to Mr. Hunt the following day.  [Dkt. 113 at 2.]

ducting discovery of Ms. Michelsen's files or billing practices because the sanctions motion "does not state with any specificity a particular demand for attorney's fees and costs in a manner in which Mr. Hunt can reasonably be expected to respond." [Dkt. 114 at 2.] The magistrate judge also ordered that any request Shaw may have for fees incurred filing the motion to quash "may be incorporated into any final request for fees under their Verified Motion for Sanctions." [Dkt. 114 at 3.]

### C. Sanctions Order

After a hearing, the Court ultimately granted Shaw's sanctions motion in part and denied it in part. [Dkt. 132.] The Court denied Shaw's motion to the extent it sought fees under Rule 11 because Ms. Rodriguez dismissed her claim against Shaw during the twenty-one-day safe harbor period set forth in that rule. [Dkt. 132 at 4-7.]

The Court granted Shaw's motion to the extent Shaw sought sanctions against Ms. Rodriguez's counsel, Mr. Hunt, pursuant to 28 U.S.C. § 1927. The Court concluded that it should have been clear to Mr. Hunt that Ms. Rodriguez's claims against Shaw were no longer viable after the final depositions on January 28, 2010. [Dkt. 132 at 10.] Instead of dismissing the claim against Shaw, however, Mr. Hunt sent Shaw's counsel a $20,000 settlement demand letter on February 5, 2010. [Dkt. 119-7.] The Court concluded that demanding money to settle a claim that is no longer viable constitutes objectively unreasonable, vexatious behavior warranting sanctions under § 1927. [Dkt. 132 at 11 (citing *Kelly*, 414 F.3d at 836).] Therefore, the Court awarded Shaw a to-be-determined amount of reasonable attorney fees incurred after January 28, 2010. [Dkt. 132 at 10-11.]

## II.
### DISCUSSION[3]

### A.  Recovery of Fees on Motion to Quash and for Protective Order

Shaw requests $2,700 of attorney fees incurred for a Motion to Quash and for Protective Order pursuant to Federal Rules of Civil Procedure 26 and 45.  [Dkts. 135 at 14; 135-1 at 4 ¶ 10.] The magistrate judge did not award Shaw fees for its motion; instead, he ruled, in relevant part, that Shaw could present a fee request with a fee request stemming from its Verified Motion for Sanctions.  [Dkt. 114 at 3.]

Federal Rule of Civil Procedure 26(c)(1) provides that any person from whom discovery is sought may move for a protective order and that the Court may, for good cause, issue a protective order to protect the person "from annoyance, embarrassment, oppression, or undue burden or expense."  Rule 26(c)(3) incorporates Rule 37(a)(5) for the award of expenses for a person seeking a protective order.  Rule 37(a)(5) provides that "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

---

[3] Shaw cites *Claiborne v. Wisdom*, 2004 WL 3760270 at *40, throughout its fee petition for the proposition that the "law does not allow an attorney to escape liability by dismissing [a] case before a sanctions motion is filed."  [*See, e.g.*, dkt. 135 at 3 n.2, 6, 8, 8 n.8.]  Although Shaw cites *Claiborne* as though it were Seventh Circuit authority, the document that Shaw relies upon is, in fact, the appellees' brief from that case.  In its opinion, the Seventh Circuit affirmed a district court's decision to impose § 1927 sanctions on an attorney who voluntarily dismissed her client's case.  *Claiborne v. Wisdom*, 414 F.3d 715, 722 (7th Cir. 2005).  The Seventh Circuit neither expressly endorsed nor rejected the premise Shaw cites from the appellees' brief; therefore, the Court will not address *Claiborne* further.  By way of understatement, counsel is cautioned against citing from briefs as though they are court opinions.

Federal Rule of Civil Procedure 45(c)(1) provides that a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena.  The issuing court must enforce this duty and "impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."  Fed. R. Civ. Pro. 45(c)(1).

The Court agrees with Shaw that the subpoena to Ms. Michelsen was premature and obviously overbroad.  It was served before Ms. Michelsen had requested an amount of fees and before the Court had ordered sanctions.  Additionally, the subpoena ordered Ms. Michelsen to produce "the entire contents of [her] file pertaining to the litigation."  [Dkt. 111-6 at 4.]  No attempt was made to exclude attorney-client or work-product privileged documents or to limit the request to information necessary to respond to Shaw's Verified Motion for Sanctions.  When Ms. Michelsen objected to the overbroad request and asked for supporting authority, Mr. Hunt responded that "there appears to be little point in discussing a resolution of the matter" and reasserted the date of the deposition he had unilaterally picked—a date on which Ms. Michelsen had already informed him she was unavailable.  [Dkts. 111-4 at 1; 111-2 at 1.]

Mr. Hunt does not dispute that his misconduct with respect to the subpoena would normally justify a fee award.  Instead, Mr. Hunt's only defense is that Shaw is not entitled to fees because its co-defendant, Parsons, has already been awarded fees for its motion to quash, and Parsons was represented by the same law firm as Shaw in this litigation.[4]  [Dkt. 151 at 7.]  In other words, Mr. Hunt believes that the fee award to Parsons makes both parties whole.

The Court rejects Mr. Hunt's defense, which he makes without citation to authority.  Although counsel for Parsons and Shaw were members of the same law firm, they independently

---

[4] Parsons requested $12,685.50 and was awarded $6,085.50 for pursuing its motion to quash. [Dkts. 118; 130.]

represented those parties.  Shaw and Parsons were billed separately for the work done by their respective counsel.  [Dkts. 135-1 at 11-12; 118-2.]  Moreover, Mr. Hunt acknowledged the separate representation by serving separate subpoenas on counsel for the separate parties.  Parsons and Shaw filed separate motions to quash in response.  [Dkts. 105; 110.]  Therefore, Shaw is entitled to reasonable attorney fees, regardless of what Parsons has already recovered, because Shaw has not yet been made whole for Mr. Hunt's misconduct.[5]  For these reasons, the Court determines that Shaw is entitled to recover reasonable attorney fees incurred in conjunction with its Motion to Quash and for Protective Order.

Mr. Hunt does not argue that the amount of work Ms. Michelsen did in response to the subpoena was unreasonable.  In fact, Ms. Michelsen was unable to attend the hearing on the motion to quash, so Shaw incurred no fees preparing for or attending that hearing.  [*Cf.* dkt. 130 at 8 (noting that Parsons' counsel billed over seven hours preparing for the hearing).]  The Court finds that Shaw reasonably incurred $2,700 on the Motion to Quash and for Protective Order.  Ms. Rodriguez and Mr. Hunt are jointly and severally liable to Shaw for this amount.

### B.  Recovery of Fees under 28 U.S.C. § 1927

#### 1.  Standard for  Evaluating Fee Petitions

The party requesting the fee award bears the burden of proving the reasonableness of the fees.  *Spegon v. Catholic Bishop*, 175 F.3d 544, 550 (7th Cir. 1999) (citation omitted).  When a fee petition is more than minimal—as this one is—the Seventh Circuit Court of Appeals requires the Court to reach a reasoned decision on the evidence, rather than merely "eyeballing" the fee petition.  *Heiar v. Crawford County*, 746 F.2d 1190, 1204 (7th Cir. 1984) (reversing where dis-

---

[5] Alternatively, because the conduct necessitating Shaw's Motion to Quash and for Protective Order occurred after the date on which the Court already determined Mr. Hunt should be sanctioned pursuant to 28 U.S.C. § 1927, [dkt. 132 at 11], sanctions would also be proper under that statute.

trict court reduced $50,000 fee request by a flat 50% to account for perceived excess billings). In a recent decision addressing a fee award under a different statute, the United States Supreme Court discussed a less precise standard. The Court explained that the determination of fees "'should not result in a second major litigation.'" *Fox v. Vice*, --- U.S. ---, 2011 U.S. LEXIS 4182, *22 (2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). The essential goal in fee shifting "is to do rough justice, not to achieve auditing perfection." *Fox*, 2011 U.S. LEXIS 4182 at *22. District courts "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

The analysis to determine a proper fee award begins with the lodestar figure—that is, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Estate of Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009). Thus, not all time an attorney actually incurs may be recoverable. "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley*, 461 U.S. at 434. When preparing a fee petition, counsel should use the same "billing judgment" as counsel uses when preparing the bill for counsel's own client, by "exclud[ing] from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . . Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (Quotation omitted; emphasis in original). If counsel fails to exercise that billing judgment, the Court must exercise it for counsel. *See id.*

### 2. Shaw's Request and Mr. Hunt's Challenge

Shaw requests $2,700 for fees incurred for the Motion to Quash and for Protective Order and $49,665.52 to reimburse it for attorney fees and expenses pursuant to § 1927. Shaw submits affidavits from counsel and billing records to support its requests. [Dkts. 135-1; 157-1.]

Mr. Hunt agrees that Shaw reasonably incurred $1,496.44 of fees and costs pursuant to § 1927 after January 29, 2010, [dkt. 151 at 4-5], but he objects to the remainder of Shaw's request.

To best frame Mr. Hunt's challenge, it is helpful to first list what he does not challenge. Mr. Hunt does not challenge Ms. Michelsen's $360 hourly rate, [dkt. 135-1 at 2], and that rate is presumptively appropriate, *see People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) (holding that the attorney's actual billing rate is "presumptively appropriate"). Ms. Michelsen was the only attorney billing Shaw on this case, [dkts. 135-1; 157-1]; therefore, Mr. Hunt does not argue that the case was overstaffed.  And Mr. Hunt does not argue that Shaw's request is not the lodestar amount for the work done in response to his sanctionable conduct.

Instead, Mr. Hunt addresses the various categories of fees Shaw seeks to recover and argues that Shaw should not be entitled to any recovery on those categories for various reasons.  In other words, Mr. Hunt takes an all or nothing approach with each category of fees.  The categories Mr. Hunt challenges are 1) fees Shaw incurred on or before January 28, 2010 ($9,146.18); 2) fees Shaw incurred to prepare its summary judgment motion ($13,968); 3) fees Shaw incurred to prepare the Verified Motion for Sanctions and attend oral argument ($14,508); and 4) fees Shaw incurred to prepare its fee petition ($10,546.90).  The Court will address each category and determine the reasonable amount of fees Shaw is entitled to recover, if any.

## 1.  Fees and Costs Incurred On or Before January 28, 2010 ($9,146.18)

Shaw requests to be compensated $9,146.18 for fees and expenses it incurred on or before January 28, 2010.

As Mr. Hunt points out in his response to Shaw's fee petition, the Court ruled that pursuant to § 1927, Shaw was entitled to reasonable fees "incurred <u>after</u> January 28, 2010." [Dkt. 132 at 11 (emphasis added).] Shaw does not reply to Mr. Hunt's argument or defend its request for fees incurred on or before January 28, 2010.

The Court will not award Shaw fees and costs it incurred on or before January 28, 2010 pursuant to § 1927.[6] The Court previously ruled that it should have been clear to Mr. Hunt that there was no basis for continuing to pursue Ms. Rodriguez's claim against Shaw "after the final depositions on January 28, 2010." [Dkt. 132 at 10.] In other words, before and during those depositions, Mr. Hunt had not engaged in sanctionable conduct under § 1927 by continuing to pursue Ms. Rodriguez's claim. Therefore, the Court denies Shaw's request to recover $9,146.18 of fees and expenses incurred on or before January 28, 2010.

### 2. Fees to Prepare Summary Judgment Motion ($13,968)

Shaw requests to be compensated $13,968 for fees and expenses incurred preparing a summary judgment motion.

Mr. Hunt argues that Shaw should not be compensated for those fees because it should have asked to extend the dispositive motions deadline instead of preparing its summary judgment motion when it knew it was planning to submit a Rule 11 safe harbor notice.

The dispositive motions deadline was March 15, 2010. [Dkt. 70.] After Shaw received the $20,000 settlement demand on February 5, 2010, "it was clear Plaintiff was not giving up and Shaw could no longer delay work on its dispositive motion." [Dkt. 156 at 6 n.3.] Therefore, Shaw's counsel began drafting its summary judgment motion on February 10, 2010. [*Id.*; dkt. 135-1 at 6.]

---

[6] This holding has no bearing on Shaw's ability to collect costs pursuant to Federal Rule of Civil Procedure 54, should it choose to file the proper petition after final judgment is entered.

Shaw responded to Plaintiff's settlement demand on February 18, 2010, informing Mr. Hunt that "Shaw should never have been a party to this lawsuit [and] there is no excuse for you not advising your client to dismiss it *now*." [Dkt. 95-1 at 2 (original emphasis).] Shaw also informed Mr. Hunt that it intended to promptly submit the safe-harbor notice required by Rule 11. Mr. Hunt took no responsive action. On March 11, 2010, Ms. Michelsen sent Mr. Hunt a letter enclosing the safe harbor notice pursuant to Rule 11 and a draft of the motion seeking sanction under Rule 11 and § 1927. [Dkt. 95-2 at 1, 3.] Ms. Rodriguez moved to dismiss the case against Shaw the following day. [Dkt. 78.]

Throughout his opposition, Mr. Hunt ignores the fact that he continued to litigate a frivolous claim on behalf of his client past the point at which he should have known better. He accepts no responsibility for his sanctionable conduct and, instead, blames Shaw for incurring fees continuing to defend itself. While it is true that Shaw could have drafted the Rule 11 letter before it did the work on the summary judgment motion, Shaw did not have a duty to ignore or seek to extend the dispositive motions deadline (which had previously been extended) to reduce the fees Mr. Hunt would have to pay for his sanctionable conduct. Shaw's prior protests as to the frivolous nature of the claim had gone unheeded, and it had no reason to believe Ms. Rodriguez or Mr. Hunt would behave differently.

As between Shaw and Mr. Hunt, the Court finds that Mr. Hunt should bear the burden of the fees Shaw incurred preparing the summary judgment motion. Despite Shaw's previous requests to dismiss his client's suit, he waited until one business day before the dispositive motions deadline to dismiss it (approximately two months after he should have known the claim was frivolous). By that point, and indeed before then, he should have anticipated that Shaw would be preparing its summary judgment motion. The dispositive motion deadline was a matter of record,

as was Shaw's intention to seek dismissal.  [*See* dkt. 34 at 5 (joint case management plan indicat-ing that defendants planned to move for summary judgment).]  An award under § 1927 is com-pensatory, *Shales v. General Chauffeurs, Sales Drivers & Helpers Local Union No. 330*, 557 F.3d 746, 749 (7th Cir. 2009), and Shaw should be compensated for the fees it incurred drafting the summary judgment motion.

Inasmuch as Mr. Hunt doesn't make a line-item challenge to the fees requested for this category, and the Court finds the request to be reasonable, the Court will award Shaw the full $13,968 for preparing its summary judgment motion.  Mr. Hunt must pay this amount pursuant to § 1927.

### 3.   Fees for Motion for Sanctions and Oral Argument ($14,508)

Shaw seeks $14,508 for fees incurred in conjunction with the Verified Motion for Sanc-tions.  These fees include preparation for and attendance at the oral argument the Court held on Shaw's sanctions motion.  [Dkts. 131; 135-1 at 11.]

Mr. Hunt argues that Shaw cannot recover these fees because Shaw ignores that "the vast majority of the work that was done in conjunction with this Motion dealt with the Rule 11 viola-tion aspect of the claim."  [Dkt. 151 at 5.]  Because the Court did not grant Shaw's request for Rule 11 sanctions, Mr. Hunt argues that Shaw is not entitled to any recovery on the motion for sanctions.

Four of the eighteen pages in Shaw's Verified Motion for Sanctions were devoted solely to Shaw's request for Rule 11 sanctions.  [Dkt. 95 at 8-11.]  Mr. Hunt wholly ignores that the remainder of the motion successfully argued that Shaw should obtain sanctions pursuant to § 1927.  Mr. Hunt also ignores that a Rule 11 sanctions motion must be served on the non-movant at least twenty-one days before it is filed.  Fed. R. Civ. Pro. 11(c)(2).  Shaw complied

with this provision. [Dkt. 95-2 at 3.] Therefore, Shaw incurred the fees to draft the Rule 11 por-

tion of the motion before the case was dismissed. Although Shaw had repeatedly asked Mr.

Hunt to dismiss his client's case, [*see, e.g.*, dkt. 95-1], Mr. Hunt refused to do so until the day

after he was served with the draft sanction motion—months after the point at which the Court

later determined the claim to be frivolous.

The Court finds that Mr. Hunt should bear the burden of the fees Shaw incurred preparing

the sanctions motion (including the unsuccessful Rule 11 portion) because Mr. Hunt ignored

previous requests to dismiss the suit despite knowing that it lacked evidentiary foundation. The

work on the Rule 11 portion of the motion motivated the dismissal of Ms. Rodriguez's claim

against Shaw, which saved court resources from being utilized on the summary judgment motion

Shaw was poised to file. Again, an award under § 1927 is compensatory, *Shales*, 557 F.3d at

749, and Shaw should be compensated for the fees it incurred drafting the sanctions motion.

Mr. Hunt's sole challenge to the reasonableness of the fees incurred on the sanctions mo-

tion is based on his erroneous assumption that Shaw billed $14,508 for that motion to recover

$1,476 of fees. [Dkt. 151 at 6.] As will be shown by the conclusion of this order, the Court ul-

timately awards Shaw $39,247.06 pursuant to § 1927. Therefore, Mr. Hunt's argument that

Shaw billed more than ten times the amount it can recover is incorrect.

Inasmuch as Mr. Hunt doesn't make a line-item challenge to the fees requested for this

category, and the Court finds the request to be reasonable, the Court will award Shaw the full

$14,508 for fees incurred in conjunction with the Verified Motion for Sanctions. Mr. Hunt must

pay this amount pursuant to § 1927.

### 4.  Fees to Prepare Fee Petition ($10,546.90)

Shaw seeks $10,546.90 for fees and expenses incurred in conjunction with preparing the fee petition.  Shaw requested $4,968 in its initial filing, [dkt. 135-1 at 12-13], and $5,578.90 in a supplemental filing, [dkt. 157-1 at 4-5].

Mr. Hunt's sole objection to the amount Shaw seeks for its fee petition is that it shows "a blatant amount of 'over-lawyering.'"  [Dkt. 151 at 6.]  Mr. Hunt does not identify any particular entries to support this bare allegation.

The entries for which Shaw seeks to be compensated can be divided as follows:  1) 15.6 hours to prepare the initial fee petition; 2) 5.4 hours to respond to Mr. Hunt's discovery in response to Shaw's fee petition; 3) 6.7 hours to prepare the reply supporting its fee petition; and 4) 1.1 hours to prepare the supplement to the fee petition.  [Dkts. 135-1 at 12-13; 157-1 at 4-5.]

The Court finds that Mr. Hunt should not be responsible for the 5.4 hours Shaw's counsel spent responding to discovery he served in response to Shaw's fee petition.[7]  Shaw did not file any objections to this discovery or seek a protective order.  There is no allegation that the discovery was frivolous.  Under these circumstances, the Court finds that Shaw is not entitled to be compensated for the 5.4 hours its counsel spent responding to the discovery because Mr. Hunt had a right to conduct discovery on the merits of Shaw's substantial fee petition.  To hold otherwise would essentially tie Mr. Hunt's hands by forcing him to choose between accepting Shaw's accounting without inquiry and conducting legitimate discovery to ensure that the requested fees are limited to those properly recoverable.  Because Mr. Hunt was successful in challenging a meaningful portion of the fees, and because there have been no allegations that the discovery at

---

[7] This discovery is separate from the discovery Mr. Hunt served in response to Shaw's motion for sanctions, which resulted in Shaw's previously addressed Motion to Quash and for Protective Order.  *See* Part II.A.

- 14 -

issue was vague, overbroad, or frivolous, the Court denies Shaw's request to be compensated for the 5.4 hours its counsel spent responding to it.

The Court does not find that the other entries related to the fee petition show over-lawyering.  Inasmuch as Mr. Hunt doesn't make a line-item challenge to the fees requested for this category, and the Court finds the request to be reasonable, the Court will award Shaw $8,424 of fees (23.4 hours x $360/hour) and $850.62 of expenses[8] related to the fee petition.  Mr. Hunt must pay this amount pursuant to § 1927.

### III.
#### CONCLUSION

Lawsuits must be based on fact and evidence, not on suspicion and subjective feelings.  If a client honestly believes she has been wronged, but her lawyer neither has nor discovers eviden-tiary support for a legal claim, the lawyer is legally bound to advise the client that a lawsuit is no longer viable and take appropriate action.  When the lawyer fails in that duty, 28 U.S.C. § 1927 holds him accountable for the reasonable fees and expenses incurred because of such conduct.

For the reasons detailed herein, the Court **GRANTS IN PART** and **DENIES IN PART** Shaw's Petition for Fees.  [Dkt. 135.]  Plaintiff Laura Rodriguez and counsel Robert F. Hunt, jointly and severally liable, shall pay **$2,700** to Shaw within thirty days of the date of this Order for attorney fees Shaw incurred filing its Motion to Quash and for Protective Order.  Counsel Robert F. Hunt shall pay **$39,247.06** to Shaw within thirty days of the date of this Order as sanc-tions pursuant to 28 U.S.C. § 1927.  Final judgment will issue accordingly.

The Court observes that this case has been previously closed on the docket.  The Clerk is instructed to reopen the case for purposes of docketing this entry and the accompanying judg-ment.  Upon entry of final judgment, it may be closed.

---

[8] Mr. Hunt does not challenge the expenses.

- 15 -

06/27/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only</u>:**

Counsel of Record